IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NICHOLAS J. LANNUTTI<br><br>　　Plaintiff,<br><br>v.<br><br>STONETRUST COMMERCIAL INSURANCE COMPANY AND TIMOTHY DIETRICH<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO.<br>§ 3:15-CV-0678-JJB-SCR<br>§<br>§<br>§<br>§<br>§<br>§ |

ANSWER TO AMENDED COMPLAINT

For its Answer to the Amended Complaint ("Complaint") of Plaintiff, Nicholas J. Lannutti ("Plaintiff"), Stonetrust Commercial Insurance Company ("Stonetrust") avers as follows:

1.

The allegations set forth in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2.

Stonetrust admits the allegations set forth in Paragraph 2(a) of the Complaint, denying the remaining allegations in Paragraph 2 for lack of sufficient information to justify a belief therein.

3.

The allegations set forth in Paragraph 3 of the Complaint constitute one or more legal

conclusions to which no answer is required of Stonetrust. To the extent that said allegations are deemed to be factual in nature, they are denied.

4.

The allegations set forth in Paragraph 4 of the Complaint constitute one or more legal conclusions to which no answer is required of Stonetrust.

5.

The allegations set forth in Paragraph 5 are admitted.

6.

The allegations set forth in Paragraph 6 of the Complaint reference and depend upon written material that speaks for itself and is the best evidence of its contents, for which reasons no answer is required of Stonetrust.

7.

The allegations set forth in Paragraph 7 of the Complaint reference and depend upon written material that speaks for itself and is the best evidence of its contents, for which reasons no answer is required of Stonetrust.

8.

The allegations set forth in Paragraph 8 of the Complaint reference and depend upon written material that speaks for itself and is the best evidence of its contents, for which reasons no answer is required of Stonetrust.

9.

The allegations set forth in Paragraph 9 of the Complaint reference and depend upon written material that speaks for itself and is the best evidence of its contents, for which reasons no answer is required of Stonetrust.

10.

The allegations set forth in Paragraph 10 of the Complaint reference and depend upon written material that speaks for itself and is the best evidence of its contents, for which reasons no answer is required of Stonetrust.

11.

The allegations set forth in Paragraph 11 of the Complaint reference and depend upon written material that speaks for itself and is the best evidence of its contents, for which reasons no answer is required of Stonetrust.

12.

The allegations set forth in Paragraph 12 of the Complaint reference and depend upon written material that speaks for itself and is the best evidence of its contents, for which reasons no answer is required of Stonetrust.

13.

The allegations set forth in Paragraph 13 of the Complaint reference and depend upon written material that speaks for itself and is the best evidence of its contents, for which reasons no answer is required of Stonetrust.

14.

The allegations set forth in Paragraph 14 of the Complaint reference and depend upon written material that speaks for itself and is the best evidence of its contents, for which reasons no answer is required of Stonetrust.

15.

The allegations set forth in Paragraph 15 of the Complaint reference and depend upon written material that speaks for itself and is the best evidence of its contents, for which reasons

no answer is required of Stonetrust.

16.

The allegations set forth in Paragraph 16 of the Complaint reference and depend upon written material that speaks for itself and is the best evidence of its contents, for which reasons no answer is required of Stonetrust.

17.

The allegations set forth in Paragraph 17 of the Complaint reference and depend upon written material that speaks for itself and is the best evidence of its contents, for which reasons no answer is required of Stonetrust.

18.

Stonetrust admits that, on or about June 1, 2015, it terminated Plaintiff's employment.

19.

Stonetrust admits that it did not provide Plaintiff with 30-days' notice but denies that the provision of such notice was required.

20.

Stonetrust denies the allegations set forth in Paragraph 20 of the Complaint for lack of sufficient information to justify a belief therein.

21.

The allegations set forth in Paragraph 21 of the Complaint embody one or more legal conclusions, and otherwise reference or depend upon written material that speaks for itself and is the best evidence of its contents, for all of which reasons no answer is required of Stonetrust.  To the extent that said allegations are deemed to be factual in nature, they are individually and collectively denied.

22.

The allegations set forth in Paragraph 22 of the Complaint embody one or more legal conclusions, and otherwise reference or depend upon written material that speaks for itself and is the best evidence of its contents, for all of which reasons no answer is required of Stonetrust. To the extent that said allegations are deemed to be factual in nature, they are individually and collectively denied.

23.

Stonetrust admits that, on or about June 1, 2015, Plaintiff was informed that the referenced payments were not due.

24.

Paragraph 24 of the Complaint merely adopts all prior paragraphs of allegations, requiring no additional answer of Stonetrust to same.

25.

The allegations set forth in Paragraph 25 of the Complaint embody one or more legal conclusions, and otherwise reference or depend upon written material that speaks for itself and is the best evidence of its contents, for all of which reasons no answer is required of Stonetrust. To the extent that said allegations are deemed to be factual in nature, they are individually and collectively denied. No payments of any kind are due to Plaintiff under the referenced Agreement.

26.

The allegations set forth in Paragraph 26 of the Complaint embody one or more legal conclusions, and otherwise reference or depend upon written material that speaks for itself and is the best evidence of its contents, for all of which reasons no answer is required of Stonetrust. To

2579857-1

the extent that said allegations are deemed to be factual in nature, they are individually and collectively denied. No payments to Plaintiff, of any kind, are called for by the referenced Agreement or otherwise.

27.

The allegations set forth in Paragraph 27 of the Complaint embody one or more legal conclusions, and otherwise reference or depend upon written material that speaks for itself and is the best evidence of its contents, for all of which reasons no answer is required of Stonetrust. To the extent that said allegations are deemed to be factual in nature, they are individually and collectively denied. No payments to Plaintiff, of any kind, are called for by the referenced Agreement or otherwise.

28.

The allegations set forth in Paragraph 28 of the Complaint embody one or more legal conclusions, and otherwise reference or depend upon written material that speaks for itself and is the best evidence of its contents, for all of which reasons no answer is required of Stonetrust. To the extent that said allegations are deemed to be factual in nature, they are individually and collectively denied.

29.

Paragraph 29 of the Complaint merely adopts prior paragraphs of allegations, requiring no additional answer of Stonetrust to same.

30.

The allegations set forth in Paragraph 30 of the Complaint embody one or more legal conclusions, and otherwise reference or depend upon written material that speaks for itself and is the best evidence of its contents, for all of which reasons no answer is required of Stonetrust. To

the extent that said allegations are deemed to be factual in nature, they are individually and collectively denied.

31.

The allegations set forth in Paragraph 31 of the Complaint embody one or more legal conclusions, and otherwise reference or depend upon written material that speaks for itself and is the best evidence of its contents, for all of which reasons no answer is required of Stonetrust. To the extent that said allegations are deemed to be factual in nature, they are individually and collectively denied.

32.

The allegations set forth in Paragraph 32 of the Complaint embody one or more legal conclusions, and otherwise reference or depend upon written material that speaks for itself and is the best evidence of its contents, for all of which reasons no answer is required of Stonetrust. To the extent that said allegations are deemed to be factual in nature, they are individually and collectively denied.

33.

Stonetrust denies that the referenced payment, or any other payment, is factually or legally owed to Plaintiff.

34.

The allegations set forth in Paragraph 34 are individually and collectively denied.

35.

The allegations set forth in Paragraph 35 of the Complaint embody one or more legal conclusions for which reason no answer is required of Stonetrust. Further answering, Plaintiff was not and is not factually or legally entitled to the referenced compensation.

36.

The allegations set forth in Paragraph 36 of the Complaint embody one or more legal conclusions for which reason no answer is required of Stonetrust. To the extent that said allegations are deemed factual in nature, they are individually and collectively denied.

37.

The allegations set forth in Paragraph 37 of the Complaint, including subparts "a" through "h," embody one or more legal conclusions, and otherwise reference or depend upon written material that speaks for itself and is the best evidence of its contents, for all of which reasons no answer is required of Stonetrust. To the extent that said allegations are deemed to be factual in nature, they are individually and collectively denied – except to admit that Plaintiff's employment was terminated for cause.

38.

Paragraph 38 of the Complaint merely adopts prior paragraphs of allegations, requiring no additional answer of Stonetrust to same.

39.

The allegations set forth in Paragraph 39 of the Complaint embody one or more legal conclusions, and otherwise reference or depend upon written material that speaks for itself and is the best evidence of its contents, for all of which reasons no answer is required of Stonetrust.

40.

The allegations set forth in Paragraph 40 of the Complaint embody one or more legal conclusions, and otherwise reference or depend upon written material that speaks for itself and is the best evidence of its contents, for all of which reasons no answer is required of Stonetrust. Plaintiff does not have, nor has he ever had, an account of any kind with Stonetrust.

2579857-1

41.

The allegations set forth in Paragraph 41 of the Complaint embody one or more legal conclusions for which reason no answer is required of Stonetrust. To the extent that said allegations are deemed factual in nature, they are individually and collectively denied.

42.

Paragraph 42 of the Complaint merely adopts prior paragraphs of allegations, requiring no additional answer of Stonetrust to same.

43.

The allegations set forth in Paragraph 43 of the Complaint, including subparts "a" through "h," embody one or more legal conclusions, for which reason no answer is required of Stonetrust. To the extent that said allegations are deemed to be factual in nature, they are individually and collectively denied.

44.

Paragraph 44 of the Complaint merely adopts prior paragraphs of allegations, requiring no additional answer of Stonetrust to same.

45.

The allegations set forth in Paragraph 45 of the Complaint are not stated against Stonetrust, requiring no answer. To the extent said allegations are deemed to be stated against Stonetrust, they are individually and collectively denied.

46.

Stonetrust denies the allegations set forth in Paragraph 46 of the Complaint.

47.

The allegations set forth in Paragraph 47 of the Complaint are denied as written.

2579857-1

48.

Stonetrust admits the allegations set forth in Paragraph 48 of the Complaint.

49.

The allegations set forth in Paragraph 49 of the Complaint are not stated against Stonetrust, requiring no answer.

50.

The allegations set forth in Paragraph 50 of the Complaint embody one or more legal conclusions, and otherwise reference or depend upon written material that speaks for itself and is the best evidence of its contents, for all of which reasons no answer is required of Stonetrust. To the extent that said allegations are deemed to be factual in nature, they are individually and collectively denied – except to admit that Dietrich was an officer of Stonetrust at or about the times relevant to the referenced allegations.

51.

To the extent that the allegations set forth in Paragraph 51 are stated against Stonetrust, or otherwise implicate Stonetrust, they are individually and collectively denied.

52.

To the extent that the allegations set forth in Paragraph 52 are stated against Stonetrust, or otherwise implicate Stonetrust, they are individually and collectively denied.

53.

The allegations set forth in Paragraph 53 of the Complaint reference or rely upon written material that speaks for itself and is the best evidence of its contents, requiring no answer of Stonetrust.

54.

The allegations set forth in Paragraph 54 of the Complaint reference or rely upon written material that speaks for itself and is the best evidence of its contents, requiring no answer of Stonetrust.

55.

Stonetrust denies the allegations set forth in Paragraph 55 of the Complaint for lack of sufficient information to justify a belief therein.

56.

To the extent that the allegations set forth in Paragraph 56 are stated against Stonetrust, or otherwise implicate Stonetrust, they are individually and collectively denied.

57.

To the extent that the allegations set forth in Paragraph 57 are stated against Stonetrust, or otherwise implicate Stonetrust, they are individually and collectively denied.

58.

To the extent that the allegations set forth in Paragraph 58 are stated against or otherwise implicate Stonetrust, they are individually and collectively denied.  Stonetrust specifically denies that Plaintiff is entitled to any relief based upon any of its causes of action, including but not limited to that sought through sub-paragraphs "a" through "d" of this paragraph.

59.

To the extent that the allegations set forth in Paragraph 56 are stated against or otherwise implicate Stonetrust, they are individually and collectively denied.

60.

Paragraph 60 of the Complaint contains only Plaintiff's demand for a jury trial, requiring no answer of Stonetrust.

61.

With respect to the unnumbered Prayer for Relief set forth in the Complaint, Stonetrust denies that Plaintiff is factually, legally, or equitably entitled to any of the relief sought, and demands of Plaintiff strict proof of all such damages and claims for relief.

62.

Stonetrust hereby denies any allegation not expressly and specifically admitted in the foregoing paragraphs of this Answer.

## AFFIRMATIVE DEFENSES

AND NOW, further answering, Stonetrust invokes and relies upon the following Affirmative Defenses to the causes of action asserted in the Complaint, retaining the right to amend, withdraw, and/or supplement same throughout the remainder of this litigation:

63.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim upon which relief may be granted against Stonetrust.

64.

### SECOND AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims against Stonetrust are equitably barred by, including but not limited to, bad faith, the doctrine of unclean hands, or otherwise.

65.

**THIRD AFFIRMATIVE DEFENSE**

The alleged injury(ies) and/or damages alleged in the Complaint, if they occurred at all, were caused solely by Plaintiff, his breaches, or those of other persons for whose actions and/or omissions Stonetrust is neither factually responsible nor legally liable.

66.

**FOURTH AFFIRMATIVE DEFENSE**

Stonetrust at all relevant times, and with respect to all actions taken as to Plaintiff, acted in good faith, fairly, and without malice.

67.

**FIFTH AFFIRMATIVE DEFENSE**

Stonetrust denies that Plaintiff suffered any damages and denies that it intended for Plaintiff to suffer or sustain any injury(ies) and/or damages. Stonetrust hereby demands of Plaintiff strict proof of all such allegations.

68.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff failed in his fiduciary and/or duty(ies) of loyalty to Stonetrust.

69.

**SEVENTH AFFIRMATIVE DEFENSE**

Stonetrust pleads the doctrine of impossibility.

70.

**EIGHTH AFFIRMATIVE DEFENSE**

The agreement underlying Count I of Plaintiff's Complaint, and otherwise at issue in this litigation, was null and void in whole or in part, as a matter of fact, applicable law, and/or public policy.

71.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's employment was terminable at will.

72.

**TENTH AFFIRMATIVE DEFENSE**

Stonetrust pleads the doctrine of futility.

73.

**ELEVENTH AFFIRMATIVE DEFENSE**

Count III of the Complaint fails as a matter of fact and/or applicable law because Plaintiff's relationship with Stonetrust at no point constituted an open account.

74.

**TWELFTH AFFIRMATIVE DEFENSE**

The sums Plaintiff seeks do not constitute wages as a matter of fact or applicable law.

75.

**THIRTEENTH AFFIRMATIVE DEFENSE**

One or more of Plaintiff's claims fails for lack of consideration.

76.

## FOURTEENTH AFFIRMATIVE DEFENSE

Stonetrust pleads the doctrine of accord and satisfaction.

WHEREFORE, Defendant, Stonetrust Commercial Insurance Company, prays that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment in its favor and against Plaintiff, Nicholas J. Lannutti, dismissing this action with prejudice and with all due legal and equitable relief awarded to Defendant.

Respectfully submitted,

CHAFFE McCALL, L.L.P.

/s/ *H. Michael Bush*
H. Michael Bush  (La. Bar No. 23430)
Julie D. Livaudais (La. Bar No. 1183)
Sarah V. Myers (La. Bar No. 30107)
Amy L. McIntire (La. Bar No. 35241)
1100 Poydras Street, Suite 2300
New Orleans, LA 70163-2300
504-585-7000 (Telephone)
504-585-7075 (Facsimile)
Counsel for Stonetrust Commercial Ins. Co.

## CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of December, 2015, I have electronically filed the foregoing into the record of the above-captioned civil action utilizing the CM/ECF system designated for the United States District Court for the Middle District of Louisiana, which serves electronic notice of said filing upon all counsel of record as CM/ECF participants who have, as such, consented to such service and the sufficiency of same.

/s/ *H. Michael Bush*

2579857-1