UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

NICHOLAS J. LANNUTTI

VERSUS

STONETRUST COMMERCIAL
INS. CO., ET AL.

CIVIL ACTION

NO. 15-678-JJB-EWD

**RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Partial Summary Judgment (Doc. 10) brought by the plaintiff, Nicholas J. Lannutti ("Lannutti"). The defendant, Stonetrust Commercial Insurance Company ("Stonetrust"), filed an opposition (Doc. 19) and the plaintiff filed a reply brief (Doc. 20). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the plaintiff's Motion for Partial Summary Judgment (Doc. 10) is **GRANTED**.

**I.   BACKGROUND**

In March 2014, Stonetrust hired Lannutti as its Vice President and Chief Actuary, with an employment term defined as "an indefinite term until terminated." *Exec. Emp't Agreement* ¶ 2, Doc. 10-3. Lannutti allegedly committed several acts Stonetrust considered as willful misconduct during his employment, culminating in Lannutti directing other employees to perform an offensive skit at a company-wide meeting on May 27, 2015. Five days after the offensive skit was performed, on June 1, 2015, Stonetrust terminated Plaintiff's employment, allegedly "for good cause."

Per the terms of the Employment Agreement, if Stonetrust terminated the employment "*without* cause," then Stonetrust agreed to make one year's monthly salary payments and COBRA (healthcare) reimbursements following termination. *Id.* at ¶ 9(f). Meanwhile, if Stonetrust

1

terminated the employment in a manner that meets the definition of "*for* cause," it does not owe the salary payments or the healthcare benefits. *Id.* at ¶ 9(g).

The Employment Agreement defines termination "*without* cause" as "a termination of Employee's employment by the Company *for any reason or on any grounds other than a 'Company Termination for Cause.'*" *Id.* at ¶ 9(c) (emphasis added). Meanwhile, termination "*for* cause" is defined as:

> a termination of Employee's employment by action of the Company (or its designee) at any time, including during the Employment Term, based on any one or more of the following:
>
> (i) Employee's conviction, guilty plea or plea of *nolo contendere* to any felony, or to any crime of moral turpitude; or
>
> (ii) the willful misconduct of Employee, or the willful or continued failure by Employee (except as a result of Disability or illness) to substantially perform his duties to the Company, in either case which has a material adverse effect on Company; or
>
> (iii) the willful fraud or material dishonesty of Employee in connection with his performance of duties to the Company;
>
> provided, however, that no Company Termination for Cause shall be deemed to have occurred unless Employee is first given the opportunity to cure any acts or omissions giving rise to a Company Termination for Cause (other than those acts set forth in subsection 9(b)(i)) within 30 days of Employee's receipt of notice of such acts or omissions.

*Id.* at ¶ 9(b). The Agreement further provides that all notices must be in writing. *Id.* at ¶ 13.

After Lannutti's termination, Stonetrust did not pay any of the severance benefits to Lannutti. Lannutti then filed the instant suit on October 14, 2015, asserting claims for breach of contract, penalty wages and attorneys' fees, and intentional interference with contract. *See Am. Compl.*, Doc. 2. Lannutti has filed this motion for partial summary judgment on his breach of contract claim against Stonetrust. *See Pl.'s Mot. Partial Summ. J.*, Doc. 10. Lannutti asserts that Stonetrust breached the employment contract by failing to pay the severance benefits following a

2

termination "*without* cause." *Pl.'s Supp. Mem.*, Doc. 10-1. In support of this motion, Lannutti asserts that his termination cannot meet the definition of "*for* cause," because Stonetrust did not provide 30 days' written notice and an opportunity to cure before terminating his employment. *See id.* Therefore, according to Lannutti, he was terminated "*without* cause," which requires Stonetrust to pay the severance benefits of monthly salary payments and healthcare benefits. *Id.*

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322–23.

**III.   DISCUSSION**

The employer-employee relationship is a contractual relationship, and therefore the employment agreement must be construed using the general rules of contract interpretation set forth in the Louisiana Civil Code. *Porbeck v. Indus. Chemicals (US) Ltd.*, 134 So. 3d 234, 236 (La. Ct. App. 2014). "Interpretation of a contract is the determination of the common intent of the parties." La. Civ. Code art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046. "The rules of contractual interpretation simply do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clarity the parties' intent." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So. 2d 583, 589 (La. 2007). "Moreover, when a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and summary judgment is appropriate." *Id.* at 590.

In the instant case, the employment contract is clear and unambiguous, and Lannutti is entitled to judgment as a matter of law. The Employment Agreement requires two conditions to be met for an employee can be deemed to have been terminated "*for* cause." First, the employee's conduct must fall within three substantive reasons justifying a termination for cause. *Exec. Emp't Agreement* ¶ 9(b), Doc. 10-3 (specifying that an employee can be terminated for cause on the basis of (i) a felony conviction, (ii) willful misconduct, or (iii) material fraud or dishonesty). Second, other than for a felony conviction, there are formal notice requirements—requiring Stonetrust to (1) give the employee written notice of the acts or omissions that may constitute grounds of termination for cause, and (2) give the employee an opportunity to cure the acts or omissions for

at least 30 days before terminating the employment. *See id.* If Stonetrust does not satisfy the formal notice requirements, a termination "*for* cause" cannot be deemed to have occurred. Instead, the termination is "*without* cause," which obligates Stonetrust to pay severance benefits of one year's monthly salary payments and COBRA (healthcare) reimbursements. *See id.* at ¶ 9(f).

Here, it is undisputed that Stonetrust terminated Lannutti's employment and gave him notice of that termination on the same day, June 1, 2015.[1] Stonetrust failed to satisfy the formal notice requirements because it did not give Lannutti 30 days' written notice and an opportunity to cure the acts justifying termination "*for* cause." Accordingly, a termination "*for* cause" cannot be deemed to have occurred, and thus Lannutti was terminated "*without* cause." Therefore, Stonetrust is obligated to pay one year's monthly salary payments and COBRA reimbursements.

Stonetrust makes several arguments attempting to avoid the plain language of the contract. First, Stonetrust argues that the employment agreement was void *ab initio* and unenforceable as against public policy because it provides for an indefinite term of employment.[2] *Def.'s Opp'n* 5–6, Doc. 19. However, under Louisiana law, a contract with an indefinite term is deemed "terminable at the will of either party," which does not violate public policy. *See, e.g.*, La. Civ. Code art. 2024 ("A contract of unspecified duration may be terminated at the will of either party by giving notice, reasonable in time and form, to the other party."); *Brannan v. Wyeth Labs., Inc.*, 526 So. 2d 1101, 1104 (La. 1988). Therefore, this argument is without merit.

Second, Stonetrust argues that the termination for cause and termination without cause provisions in the Employment Agreement are unenforceable, because those provisions are only

---

[1] Lannutti does not dispute that Stonetrust had the right to terminate his employment based on the substantive reasons justifying a termination for cause. *See Pl.'s Supp. Mem.* 10, Doc. 10-1.
[2] Although not explicit, Stonetrust seems to argue that the employment agreement was void because it provided for a lifetime term. First, the contract's term was indefinite, not for a lifetime. Second, although an employment contract with a lifetime term violates public policy, it is not void *ab initio*. Instead, the contract is merely deemed "terminable at the will of either party." *Brannan v. Wyeth Labs., Inc.*, 526 So. 2d 1101, 1104 (La. 1988).

meaningful outside of the employment-at-will context, i.e. if there is a specified term of employment. *Def.'s Opp'n* 6–7, Doc. 19. Under Louisiana law, when the employer and employee are silent on the terms of the employment contract, the civil code provides the default rule of employment-at-will. *Quebedeaux v. Dow Chem. Co.*, 820 So. 2d 542, 545 (La. 2002). The default rule, contained in La. Civ. Code art. 2747, provides that "an employer is at liberty to dismiss an employee at any time for any reason without incurring liability for the discharge." *Id.* However, because an employer-employee relationship is a contractual relationship, "an employer and employee may negotiate the terms of an employment contract and agree to any terms not prohibited by law or public policy." *Id.* Specifying severance payments in the event of termination does not violate public policy.[3] *See Porbeck*, 134 So. 3d at 242 (upholding a severance package in the employment-at-will context). In the instant case, the general civil code rule against liability for discharging an at-will employee was modified by contract. Stonetrust and Lannutti agreed to what type of termination (as defined in the contract) would require Stonetrust to pay money upon termination, and the formal notice requirements that must be given for each type of termination. This type of agreement is enforceable and is not prohibited by Louisiana public policy.

Next, Stonetrust argues that it met the formal notice requirements within the definition of termination "*for* cause." *Def.'s Opp'n* 5–7, Doc. 19. According to Stonetrust, Lannutti's actions were so egregious that there could be no cure, and thus the provision requiring an opportunity to cure is an impossible suspensive condition, which is a nullity under Louisiana law. *See Def.'s Opp'n* 7–10, Doc. 19. The Court finds this argument unpersuasive in light of the clear terms of the Employment Agreement. The Employment Agreement expressly requires an *opportunity* to cure

---

[3] The cases Stonetrust cited in support for this proposition are distinguishable because they predate the Louisiana Supreme Court's *Quebedeaux* decision.

6

for willful misconduct and material dishonesty—the two substantive reasons that Stonetrust assert as its grounds for terminating Lannutti "*for* cause." The Employment Agreement could have addressed a situation where cure was impossible for willful misconduct or material dishonesty, as it did when it carved out the written notice and cure provision from Section 9(b)(i) (where the termination is based on the employee pleading to or being convicted of a crime), but it failed to do so. Therefore, regardless of the chances of Lannutti successfully curing his conduct, it remains undisputed that Stonetrust did not give Lannutti the *opportunity* to cure his conduct, nor did Stonetrust given written notice of the acts that may constitute grounds of termination for cause, or wait 30 days after providing such notice prior to terminating Lannutti. By failing to give written notice, and by also failing to give Lannutti the opportunity to cure his conduct, Stonetrust failed to satisfy the formal notice requirements of a termination "*for* cause." Therefore, Stonetrust's arguments and evidence as to the alleged "impossibility" of a suspensive condition of written notice are legally without merit and factually immaterial.

Finally, Stonetrust asserts that summary judgment is premature in this case because it needs the opportunity to conduct discovery to develop a record of factual evidence. *Def.'s Opp'n* 11, Doc. 19. Rule 56(d) allows a court to deny or defer consideration of a motion for summary judgment if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(1). However, a party cannot defeat a motion for summary judgement "by merely restating the conclusory allegations contained in his [pleading], and amplifying them only with speculation about what discovery might uncover." *Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1030 (5th Cir. 1983).

The Court finds that further discovery on the issue is not warranted. First, the Employment Agreement is clear and unambiguous, and the material facts are not in dispute. Thus, the Court

7

fails to see how any further discovery will advance any interests related to this litigation. Second, Stonetrust has failed to specify reasons showing that it cannot present facts essential to justify its opposition. Stonetrust submitted an affidavit stating that it pleaded affirmative defenses that "cannot be fully resolved or applied without fact-based discovery." *Aff. of H. Michael Bush* ¶ 6, Doc. 19-2. The affidavit then states that the relevant defenses are embodied in Stonetrust's Answer. *Id.* According to Stonetrust, its defenses and whether there was "reasonable notice" are inherently fact-based questions which will be prematurely decided if Stonetrust is not given the opportunity to fully develop them through discovery. *Id.* at ¶ 7. Conclusory statements that the case involves "inherent fact-based questions"—which this case does not—are not sufficient to overcome the nonmoving party's burden to demonstrate that there exists a genuine issue of material fact. *See Grimes*, 102 F.3d at 139–40.

### IV.   CONCLUSION

For the reasons stated above, the plaintiff's Motion for Partial Summary Judgment (Doc. 10) **is GRANTED**.

Signed in Baton Rouge, Louisiana, on May 16, 2016.

　　　　　　　　　　　　　　　　　　　　　　　　　
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**